IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| MARIO AVILES RODRIGUEZ, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v.           ) | CV 319-052 |
| ) | |
| RAFAEL VERGARA, Warden, ) | |
| ) | |
| Respondent. ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner, an inmate at the Federal Correctional Institution in McRae, Georgia, brings the above-captioned petition pursuant to 28 U.S.C. § 2241. The Court **REPORTS** and **RECOMMENDS** the petition be **DENIED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of Respondent.

**I.    BACKGROUND**

On November 10, 2014, Petitioner was arrested in Whitfield County, Georgia on state charges for trafficking in methamphetamine, possession of a firearm by a convicted felon, and a parole violation. (Doc. no. 4-1, Ex. 1, Stopps Aff. ¶ 4 & Attach. 1.) The trafficking and firearm charges were ultimately assigned case number 16-CR-2040, and the parole revocation proceeding was assigned case number 676451.[1] (Id.) The Georgia Department of

---

[1]There appears to be a scrivener's error in the Stopps Affidavit and Respondent's brief regarding the case number assigned to the trafficking and firearm case. The affidavit and brief reference 16-CR-240, but the judgment attached to the affidavit lists the case number as 16-CR-

Corrections ("DOC") revoked Petitioner's parole on December 22, 2014. (Stopps Aff. ¶ 5 & Attach. 2.) While serving his state sentence for the parole violation, the United States Marshal temporarily removed Petitioner from state custody on December 22, 2014, pursuant to a federal writ of habeas corpus *ad prosquendum* in relation to the current federal sentence he is serving. (Stopps Aff. ¶ 6 & Attach. 4.) On December 19, 2016, United States District Judge Thomas W. Thrash sentenced Petitioner to an eighty-four month term of imprisonment based on Petitioner's guilty plea to conspiracy to possess at least 100 grams of heroin and 50 grams of methamphetamine with the intent to distribute in United States v. Rodriguez, 1:15-CR-438 (N.D. Ga. Dec. 19, 2016). (Stopps Aff. ¶ 7 & Attach. 5.) The federal judgment made no mention of any other sentence or how the Bureau of Prisons ("BOP") should calculate Petitioner's sentence. (Id.)

Following the conclusion of his federal proceedings, and because he was in the primary custody of Georgia state officials, Petitioner returned to state authorities on December 23, 2016. (Stopps Aff. ¶ 7 & Attach. 6.) Based on the state drug trafficking and firearm charges for which he was arrested on November 10, 2014, Petitioner was sentenced in 16-CR-2040 in the Superior Court of Whitfield County, Georgia, on March 23, 2017, to a total of fifteen years in prison, which was suspended upon service of two years in confinement. (Stopps Aff. ¶ 8 & Attachs. 7 & 8.) The Whitfield County judgment states, "This case is to run concurrent with Federal Sentence now serving with the U.S. Northern

---

2040. (Cf. Stopps Aff. with Attach. 7, SC-6 Final Disposition Felony Confinement Sentence.) The discrepancy need not delay the Court because all other details match, and neither side suggests there is a third state case at issue. The Court uses the number listed on the judgment throughout this document.

2

District of Georgia, case number 15-CR-438TWT." (Stopps Aff., Attach. 7.) DOC officials confirmed Petitioner received credit on this state sentence in 16-CR-2040 from November 11, 2014, through the sentencing date of March 23, 2017. (Stopps Aff. ¶ 8 & Attach. 8.) The sentence for the parole violation ended August 14, 2017. (Stopps Aff. ¶¶ 5, 9 & Attachs. 2 & 3.)

Because Petitioner satisfied his state obligation on both 16-CR-2040 and the parole revocation as of August 14, 2017, BOP commenced his eighty-four month federal sentence imposed by Judge Thrash in United States v. Rodriguez, 1:15-CR-438 on that same day, August 14, 2017. (Stopps Aff. ¶ 9 & Attach. 9.) Petitioner's projected release date after credit for good conduct time is August 1, 2023. (Id.) The calculation does not include credit for any time spent in state custody from November 11, 2014, through August 14, 2017. (Stopps Aff., Attach. 9.)

Through the administrative grievance procedure, Petitioner demanded credit on his federal sentence for all time spent in custody from November 11, 2014, through August 14, 2017, to include the time in state custody on the probation revocation and on the sentence imposed in 16-CR-2040. (Doc. no. 1-2.) BOP denied Petitioner's grievance, and Petitioner filed the instant petition again requesting credit for the same disputed time period. (See generally doc. nos. 1, 5, 8.) Respondent maintains Petitioner's projected release date is correct, and he is not entitled to credit on his federal sentence for time already credited to his state sentence. (See generally doc. nos. 4, 7.)

While pursuing relief in this Court, Petitioner also sought relief in the Northern District of Georgia, asking Judge Thrash to reduce his sentence under Amendment 787 to the

3

Sentencing Guidelines.[2]  Judge Thrash denied the request as follows:

> The Defendant seeks to have his federal sentence run concurrent with a state sentence that was imposed subsequent to his federal sentence.  He relies upon Amendment 787 to the Sentencing Guidelines. Amendment 787 became effective as of November 1, 2014.  The Defendant was sentenced on December 19, 2016 under the 2015 Guidelines Manual.  Therefore, 18 U. S. C. § 3582(c)(2) is inapplicable.  In any event, the Court did not treat the Whitfield County arrest as relevant conduct in sentencing the Defendant and would not have imposed a concurrent sentence. Therefore, the Motion to Reduce Sentence [Doc. 30] is DENIED.

Rodriguez, 1:15-CR-438, doc. no. 32 (N.D. Ga. Aug. 30, 2019).

## II.   DISCUSSION

The issue Petitioner raises concerning the computation of his sentence is governed by 18 U.S.C. § 3585 and Program Statement ("PS") 5880.28 of the Sentence Computation Manual (CCCA of 1984).  The relevant portion of 18 U.S.C. § 3585 provides as follows:

> (b) Credit for prior custody.—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-
>
> > (1) as a result of the offense for which the sentence was imposed; or
>
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

This code section establishes two principles of sentence crediting.  First, to qualify for a credit, the defendant must have served the time as a result of either the offense underlying

---

[2] Amendment 787 to the United States Sentencing Guidelines, *inter alia*, adjusts a federal sentence under § 5G1.3 to run concurrently to any anticipated, state term of imprisonment not yet imposed that results from another offense that is relevant conduct for the current offense of conviction for which a federal sentence is imposed.  See U.S.S.G. 2018 Supp. to App. C, pp. 77-80.  The effective date for Amendment 787 was November 1, 2014.  Id. at 80.

the sentence or an offense for which the defendant was arrested after commission of the underlying offense.  18 U.S.C. § 3585(b)(1)-(2).

Second, under no circumstances may a defendant receive double credit for time served prior to sentencing.  Section 3585 expresses this principle in two ways, first by providing that a defendant shall receive credit for "any time he has spent in official detention prior to the date the sentence commences." Id. § 3585(b).  A defendant must therefore receive credit equal to, but not more or less than, the time in detention prior to sentencing.  Section 3585 also provides that a defendant is ineligible for a credit to the extent time in detention has "been credited against another sentence." Id.  In sum, when read together, these components of § 3585 provide that one day in presentence detention equals one day of credit that can be applied only once.

"In enacting section 3585(b), 'Congress made clear that a defendant could not receive a double credit for his detention time.'" Rey v. Warden, FCC Coleman-Low, 359 F. App'x 88, 90 (11th Cir. 2009) (*per curiam*) (citing United States v. Wilson, 503 U.S. 329, 336-37 (1992)).  PS 5880.28 similarly provides that "[c]redit will be given for time spent in official detention as a direct result of the federal offense for which the federal sentence was imposed . . . provided it has not been credited against another sentence." PS 5580.28, p. 1-16, *available at* www.bop.gov/policy/progstat/5880_028.pdf (last visited Sept. 16, 2019).[3]

Petitioner seeks federal credit for time previously credited to his state sentence for a parole revocation and a new conviction in 16-CR-2040.  (Doc. no. 1, pp. 3-4.)  However, under § 3585(b), time credited to Petitioner's state sentence cannot be credited again to his

---

[3]The Supreme Court has instructed lower courts that this PS is entitled to at least "some deference." Reno v. Koray, 515 U.S. 50, 61 (1995).

5

federal sentence. See Wilson, 503 U.S. at 337; Shepherd v. Warden, USP-Atlanta, 683 F. App'x 854, 855 (11th Cir. 2017) (*per curiam*) (applying Wilson and finding § 2241 petitioner not entitled to federal credit for time previously credited to state sentence).

Relying on Wilson, Petitioner argues the federal sentencing court was not authorized to compute his sentence, only the Attorney General, through BOP, can compute his sentence, including jail credit. (Doc. no. 1, pp. 5-6.) Examination of the judgment entered in federal court by Judge Thrash reveals no instruction on how to calculate Petitioner's sentence, and as demonstrated by Respondent, it was, in fact, BOP that calculated Petitioner's jail credit and projected release date. (Stopps Aff., Attach. 9.) To the extent Petitioner suggests Amendment 787 to the Sentencing Guidelines somehow requires BOP to calculate his sentence as running concurrently with his state sentence, that issue has already been decided adversely to him by Judge Thrash. As the August 30, 2019 Order explained, Judge Thrash did not treat the Whitfield County arrest as relevant conduct in sentencing Petitioner, and Judge Thrash would not have imposed a concurrent sentence. See Rodriguez, 1:15-CR-438, doc. no. 32.

Finally, Petitioner relies on the language in the Whitfield County judgment that the state sentence should run concurrently with his federal sentence to argue for credit on his federal sentence for the time he spent in state custody. The argument fails. Although the United States Marshal temporarily removed Petitioner from State custody on a "loan" pursuant to a federal writ of habeas corpus *ad prosquendum* to answer the federal charges on December 22, 2014, the state's custody was never interrupted. See Butler v. Warden, FCC Coleman-Medium, 451 F. App'x 811, 812 (11th Cir. 2011) (*per curiam*). Thus, Petitioner's

federal sentence did not begin to run until he was turned over to federal authorities on August 14, 2017, after having completed his state sentence.  See id.

Moreover, because Georgia had primary custody of Petitioner, he completed his state sentence before his federal sentence began, and the state court was without authority to force BOP to run Petitioner's federal sentence concurrently with his state sentence.  See Davis v. Coleman-Medium, 666 F. App'x 802, 803 (11th Cir. 2016) (*per curiam*).  As the Eleventh Circuit explained:

> The manner in which a state chooses to impose and execute its sentences does not affect the sovereign right of the United States to impose and execute its sentences in the manner deemed appropriate by the federal courts and federal authorities.  If a prisoner starts in state custody, serves his state sentence, and then moves to federal custody, it will always be the federal government— whether the district court or the [BOP]—that decides whether he will receive credit for the time served in state custody.

Id. (internal citations omitted); see also United States v. Eccleston, 521 F.3d 1249, 1254 (10th Cir. 2008) ("[T]he determination of whether a defendant's 'federal sentence would run consecutively to his state sentence is a federal matter which cannot be overridden by a state court provision for concurrent sentencing on a subsequently-obtained state conviction.'" (citation omitted)).  Thus, no language appearing on the Whitfield County judgment concerning a concurrent sentence entitles Petitioner to federal habeas corpus relief.

As the time from November 11, 2014, through August 14, 2017, was credited against Petitioner's state sentence, he is not entitled to credit for that time on his federal sentence.

### III.   CONCLUSION

For the reasons set forth above, Petitioner has not shown the calculation of his sentence is in violation of the Constitution, laws, or treaties of the United States as is required to obtain relief under 28 U.S.C. § 2241.  Accordingly, the Court **REPORTS** and

7

**RECOMMENDS** the petition be **DENIED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 16th day of September, 2019, at Augusta, Georgia.

*[signature]*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA